UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                Plaintiff,<br><br>       v.<br><br>EDWARD SHIA,<br><br>                Defendant. | Case No. 15-cr-00257-VC-1<br><br>**ORDER RE MOTION TO COMPEL DISCOVERY**<br>Re: Dkt. No. 19 |

Shia's motion to compel discovery under Fed. R. Crim. P. 16(a)(1)(E) is construed as a request to issue a third-party subpoena under Fed. R. Crim. P. 17(c) for the Irdeto and CPS software and their source codes. Crim. L.R. 17-2. So construed, the request is granted. The Court finds, at least based on the submissions of the parties so far, that "'(1) that the [software and source codes] are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that [Shia] cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.'" *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). Although the government correctly argues that discovery of this information is not relevant to Shia's request for a *Franks* hearing, it appears that Shia has made good faith allegations that the Irdeto and CPS software and source codes are evidentiary and relevant to a potential motion to suppress in two possible ways. First, Shia has alleged that either the Irdeto or the CPS software or both accessed private, non-shared folders on Shia's computer, which might constitute a warrantless search in violation of the Fourth Amendment. *See, e.g.*, *United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2008) (a person has an objectively reasonable expectation of privacy in his personal computer

as a general matter, but a person who uses a file-sharing program does not have a reasonable expectation of privacy as to those files that are placed in shared folders).  Second, Shia has alleged that the Irdeto or CPS software or both may be unreliable, such that the search warrant in this case was not supported by probable cause.  *Cf. Florida v. Harris*, 133 S. Ct. 1050, 1057 (2013). Although the government contends that the software is reliable and that it does not access private folders, the government has not submitted enough information to allow the Court to accept those contentions.  Accordingly, Shia is permitted to issue the Rule 17(c) subpoenas to the appropriate third party or parties to inspect the Irdeto and CPS software and their source codes.

**IT IS SO ORDERED.**

Dated: December 7, 2015

_____
VINCE CHHABRIA
United States District Judge